## RAY McCRIGHT v. STATE.

No. A-3720.   Opinion Filed Aug. 3, 1921.
(200 Pac. 259.)

(Syllabus.)

Larceny—Horse Theft—Sufficiency of Evidence. In a prosecution for horse theft, the evidence considered, and held sufficient to sustain the verdict and judgment of conviction.

Appeal from District Court, McCurtain County; A. A. McDonald, Judge.

Ray McCright was convicted of horse theft, and appeals. Affirmed.

Jeff D. McLendon, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error, Ray McCright, was convicted of horse theft upon an information charging that in McCurtain county on or about the 20th day of December, 1918, he did then and there feloniously by stealth and fraud, take and steal a certain bay horse, the same being the personal property of one John Daniels, and in accordance with the verdict of the jury he was sentenced to serve a term of six years' imprisonment in the penitentiary. From the judgment an appeal was perfected by filing in this court on March 8, 1920, a petition in error with case-made.

The errors assigned question the sufficiency of the evidence to support the conviction. The defendant is not repre-

sented by counsel in this court; however, we have read and examined the entire record. The testimony in the case is in substance this:

John Daniels testified:

"I live at Rufe, northwest of Valliant. I have lived in that neighborhood about 30 years; I am the owner of the bay horse; I bought it from the defendant, Ray McCright, about a year before it was stolen. I found this horse about a month after it was stolen at Clarksville, Tex., in Bob Westmoreland's stable."

Sherman Long testified:

"I live three miles from Rufe; I was with Ray McCright when he went into the pasture and got the horse; he had a bridle and he took my saddle; it was about one o'clock in the morning; I met him at the river the next morning; he had this horse and a roan mule; I had my father's horse; we crossed the river at Gray's crossing about ten o'clock the next morning; and stayed at Houston Pattersons that night; the next morning we went to Clarksville and he traded the bay horse for a buckskin horse."

Rick Williams testified:

"I know the bay horse owned by John Daniels, and assisted in tracing the horse into Clarksville, where it was put into Bob Westermoreland's livery barn; we traced the horse across the river at Gray's Ferry, then to Houston Pattersons, whose wife's name is Anna. It is seven or eight miles from Valliant to Gray's Ferry, and it is 15 miles from Valliant to Rufe."

Mrs. Anna Patterson testified:

"I live eight miles from Bagwell, in Red River county, Tex. I am the wife of Houston Patterson; I have known the defendant, Ray McCright, two or three years; he stayed at our house between December 20th, and Christmas; Sherman Long was with him; they had three horses, Ray McCright was riding a large bay horse; I think it was a horse that he had rode there once before; Sherman Long was riding a little bay pony; they left there the next morning and Ray told me they were going to Monroe, La.; they went towards Clarkesville; my

step-son Jesse went with them; he rode the other horse; it was Saturday morning they left and Jesse came back Sunday night; Ray McCright and Sherman Long stopped at my house another night; I do not know where they went; it is eleven miles from my place to Clarksville, the defendant Ray McCright married my niece."

The state rested, and the defendant moved the court to advise the jury to return a verdict of not guilty, because the evidence is not sufficient to support a verdict of guilty, in that the testimony of Sherman Long, an accomplice, is not corroborated. Which motion was overruled and exception allowed.

The defendant did not offer any testimony. The rule is where there is any substantial testimony, independent of the testimony of an accomplice, tending to connect the defendant with the commission of the crime charged, its weight is for the jury. In this case the witness, Mrs. Patterson, testified to the defendant's possession of the stolen animal, and her testimony in itself, if believed by the jury, as it was, is a sufficient corroboration. For this reason the motion to direct a verdict of acquittal was properly overruled. On the record before us we see no reason to doubt that this conviction was justified by the evidence, and finding no error prejudicial to the defendant, the judgment of the lower court is affirmed.

MATSON and BESSEY, JJ., concur.